**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| EDDIE DEAN GRAY,<br>    PETITIONER, | § § § | |
| v. | § | Civil Action No. 4:05-CV-0278-A |
| | § | |
| DOUGLAS DRETKE, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL INSTITUTIONS<br>DIVISION,<br>    RESPONDENT. | § § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Eddie Dean Gray, TDCJ-ID #224162, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Gray is currently serving a sixty-three-year sentence for a 1970 conviction in state court for rape. (Petition at 2; State Habeas R. at 59.)  In June 1983, Gray was released on parole, however, his parole was subsequently revoked after a hearing on January 14, 2003. (Parole R. at 2, 11, 13.) Gray filed a state habeas application on November 30, 2004, raising the issues presented herein, which was dismissed without written order pursuant to § 501.0081(b)-©) of the Texas Government Code. *Ex parte Gray*, Application No. 03,324-04, at cover; TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004) (providing inmate must generally pursue time credit claim through prison's time credit dispute resolution process before seeking state collateral review). Gray filed this federal petition on March 11, 2005.[1]

D. ISSUES

In six grounds, Gray complains of the parole revocation proceedings, TDCJ's denial of street time credit, and the requirement that he register as a sex offender as a condition of parole. (Petition at 7-8a; Pet'r Memorandum of Law at 3-4.)

D. RULE 5 STATEMENT

Dretke contends that Gray has not sufficiently exhausted his state remedies, as required by 28 U.S.C. § 2254(b)(1), and moves for dismissal on exhaustion and/or limitations grounds. 28 U.S.C. §§ 2244(d). (Resp't Answer at 3-11.)

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Gray indicates on his petition that he placed the petition in the prison mailing system on January 14, 2005, however, Dretke has provided proof that the petition was actually placed in the prison mailing system on March 11, 2005. (Resp't Amended Answer, Exhibit A.)

2

E.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period began to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims.[2]  The record reflects that Gray knew of the requirement that he

---

[2] *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser*
(continued...)

3

register as a sex offender as early as December 1, 2001, and that he complied with the requirement while on parole. (Pet'r Memorandum of Law at 12.) Further, on June 3, 1983, Gray signed a parole certificate which notified him in bold-faced type that revocation of his parole would forfeit time served on parole. (Parole R. at 13.) Thus, Gray knew, or could have discovered through due diligence, on the date his parole was revoked that he had not been credited for time spent on parole. Similarly, his claims regarding the revocation proceedings were known, or could have been discovered through due diligence, on the date of the revocation proceedings or shortly thereafter. Accordingly, Gray knew or should have known of the factual basis for his claims at the latest on January 14, 2003, the date his parole was revoked. He had one year thereafter, or by January 14, 2004, within which to timely raise his claims in a federal habeas petition, subject to any applicable tolling.

The Texas Court of Criminal Appeals dismissed Gray's state habeas application on the basis that he had not pursued time credit dispute resolution as mandated by § 501.0081 of the Texas Government Code. However, it appears that, unbeknownst to the state court, Gray did pursue such administrative relief from April 8, 2004 through December 1, 2004. (Resp't Amended Answer, Exhibit B.) This fact does not entitle Gray to tolling of the limitations period, however, because he did not pursue this administrative remedy until after limitations had already expired.[3] Nor does the

---

[2](...continued)
*v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *Biggins v. Dretke*, No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits).

[3]*Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D. Tex. Sept.
(continued...)

4

filing of Gray's state habeas application after limitations had already expired entitle him to statutory tolling under § 2244(d)(2). Gray has not otherwise argued that he is entitled to equitable tolling and there are no sufficiently rare and exceptional circumstances apparent in his records which would justify application of the doctrine here.[4]

Absent any applicable tolling, Gray's federal petition was due on or before January 14, 2004. Thus, his petition filed on March 11, 2005 is untimely.

## II.  RECOMMENDATION

Gray's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 3, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

---

[3](...continued)
17, 2003); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828-29 (N.D. Tex. 2002) (allowing for equitable tolling during pendency of appeal process for challenges to disciplinary actions).

[4]*See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

5

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 3, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 12, 2005.

                                                     /s/ Charles Bleil  
                                                   CHARLES BLEIL  
                                                   UNITED STATES MAGISTRATE JUDGE