IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| EDDIE DEAN GRAY, | § | |
| Petitioner, | § § § | |
| VS. | § | NO. 4:05-CV-278-A |
| DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § § | |
| Respondent. | § § | |

O R D E R

Came on for consideration the above-captioned action wherein Eddie Dean Gray is petitioner ("Gray") and Douglas Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 12, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by October 3, 2005. On October 3, 2005, respondent filed specific written objections, which the court is not addressing.[1] On October 11, 2005, petitioner filed his written objections. [2]

---

[1] Respondent objected insofar as the magistrate judge (1) found that Gray had mailed his original petition on March 11, 2005, not on March 21, 2005, and (2) failed to find Gray has not exhausted his state remedies pursuant to 28 U.S.C. § 2254(d). Neither of these objections bear on the court's disposal of Gray's petition.

[2] While petitioner filed his objections beyond the magistrate judge's deadline, but it appears that Gray forwarded them to prison
(continued...)

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Regarding the magistrate judge's conclusion that his petition for writ of habeas corpus should be dismissed with prejudice as time barred pursuant to 28 U.S.C. § 2244(d)(1)(D), Gray makes two specific objections. First, Gray urges that ineffective assistance of counsel following his parole-revocation hearing justifies equitable tolling. <u>See</u> Pet'r Objections at 2. Specifically, he claims that once his parole had been revoked, his attorney failed to advise him of the case's procedural posture or make any efforts to work on his behalf. <u>Id.</u>

After consulting the applicable authorities, the court concludes that Gray's first objection must fail. As a basis for equitable tolling, Gray's proffer of attorney neglect is a non-sequitur because "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is

---

[2](...continued)
officials on September 30, 2005. <u>See</u> Pet'r Objections at 16. Thus, the court concludes that Gray is entitled to take advantage of the lenient rule discussed in <u>Thompson v. Raspberry</u>. 993 F.2d 513 (5th Cir. 1993).

2

justified." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). Moreover, to extent that any putative action on the part of Gray's attorney may have affected the timeliness of this petition, the court concludes that Gray could have easily learned of § 2244(d)(1) had he been diligently pursuing his rights. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).

In his second specific objection, Gray urges that the proper start date for the running of the state of limitations is the date upon which his state habeas petition was denied. See Pet'r Objections at 4.[3] This objection is also baseless. First, the denial of Gray's state habeas corpus was not "direct review" for the purposes of 28 U.S.C. § 2244(d)(1). Cf. Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir. 2004). Second, all of the grounds in Gray's petition are based on either alleged defects in (1) the revocation of his parole, (2) his resulting loss of street time credits, or (3) the requirement that he register as a sex offender as a condition of parole. Any factual predicate related to these three claims "could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), within one-year from the date Gray's parole was revoked. Thus, the statute of limitations began to run on January 14, 2003, the date his parole was revoked.

---

[3] Gray filed his state habeas petition on November 30, 2004. As that petition was beyond the one-year filing deadline, tolling is not implicate.

3

Accordingly, the court concludes that Gray's second objection must also fail.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed pursuant to 28 U.S.C. § 2244(d)(1)(D) as time-barred.

SIGNED October 13, 2005.

JOHN McBRYDE
United States District Judge

4